UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
-------------------------------------------------------------------X

**Chaim Kaplan**, individually and as natural guardian of plaintiffs
M.K., A.L.K., M.K., C.K. and E.K.
24 Givat Shoshana St.
Safed, Israel

**Rivka Kaplan**, individually and as natural guardian of plaintiffs          Civ. No. 09-646 (RWR)
M.K., A.L.K., M.K., C.K. and E.K.
24 Givat Shoshana St.
Safed, Israel

**M.K.,** a minor, by her father and natural guardian, Chaim Kaplan,
and by her mother and natural guardian, Rivka Kaplan
24 Givat Shoshana St.
Safed, Israel

**A.L.K.,** a minor, by his father and natural guardian, Chaim Kaplan,
and by his mother and natural guardian, Rivka Kaplan
24 Givat Shoshana St.
Safed, Israel

**M.K.,** a minor, by his father and natural guardian, Chaim Kaplan,
and by his mother and natural guardian, Rivka Kaplan
24 Givat Shoshana St.
Safed, Israel

**C.K.,** a minor, by her father and natural guardian, Chaim Kaplan,
and by her mother and natural guardian, Rivka Kaplan
24 Givat Shoshana St.
Safed, Israel

**E.K.,** a minor, by his father and natural guardian, Chaim Kaplan, and
by his mother and natural guardian, Rivka Kaplan
24 Givat Shoshana St.
Safed, Israel

**Michael Fuchs**
13 Raban Gamliel St.
Netanya, Israel

**Avishai Reuvane**
76/5 Agrippas
Jerusalem, Israel

**Elisheva Aron**
76/5 Agrippas
Jerusalem, Israel

**Chayim Kumer**
208/4 Hashivah St.
Safed, Israel

**Nechama Kumer**
208/4 Hashivah St.
Safed, Israel

**Keren Ardstein**, individually and as natural guardian of plaintiffs
M.A., N.A., A.C.A. and N.Y.A.
27 HaArizal St.
Safed, Israel

**Brian Ardstein**, individually and as natural guardian of plaintiffs
M.A., N.A., A.C.A. and N.Y.A.
27 HaArizal St.
Safed, Israel

**M.A.,** a minor, by her father and natural guardian, Brian Ardstein,
and by her mother and natural guardian, Keren Ardstein
27 HaArizal St.
Safed, Israel

**N.A.,** a minor, by her father and natural guardian, Brian Ardstein,
and by her mother and natural guardian, Keren Ardstein
27 HaArizal St.
Safed, Israel

**A.C.A**, a minor, by his father and natural guardian, Brian Ardstein,
and by his mother and natural guardian, Keren Ardstein
27 HaArizal St.
Safed, Israel

**N.Y.A.,** a minor, by his father and natural guardian, Brian Ardstein,
and by his mother and natural guardian, Keren Ardstein
27 HaArizal St.
Safed, Israel

**Laurie Rappeport**, individually and as natural guardian of
plaintiff M.R.
60 Tet Vav St.
Safed, Israel

**M.R.**, a minor, by her mother and natural guardian, Laurie
Rappeport
60 Tet Vav St.
Safed, Israel

**Yair Mor**
28 Elkabetz Shlomo St.
Safed, Israel

**Theodore Greenberg**
66B Jabotinsky Road
Jerusalem, Israel

**Maurine Greenberg**
66B Jabotinsky Road
Jerusalem, Israel

**Jacob Katzmacher**
13 Ridbaz St.
Safed, Israel

**Deborah Chana Katzmacher**
13 Ridbaz St.
Safed, Israel

**Chaya Katzmacher**
13 Ridbaz St.
Safed, Israel

**Mikimi Steinberg**
10 Tzahal St.
Safed, Israel

**Jared Sauter**
35 B St.
Shoham, Israel

**Danielle Sauter**
35 B St.
Shoham, Israel

and

**Myra Mandel**
36 Moshav Hemed
Israel

Plaintiffs,

-against-

**Hezbollah**
a.k.a. Hizbullah, Hezbollah, Hezballah, Hizballah
Beirut, Lebanon

**Democratic People's Republic of Korea**,
a.k.a. North Korea
Ministry of Foreign Affairs
c/o Foreign Minister, Pak Ui Chun
Jung song-dong, Central District
Pyongyang, DPRK

    and

**John Does 1-10,**

                          Defendants.

------------------------------------------------------------------------- X

## FIRST AMENDED COMPLAINT

      Plaintiffs, by counsel, complain of the Defendants and allege for their First Amended Complaint as follows:

## INTRODUCTION

      1.     This is an action brought pursuant to the Antiterrorism Act ("ATA"), 18 U.S.C. § 2333, and the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1602 *et seq*., on behalf of Americans citizens harmed as the result of rockets and missiles fired by the Hezbollah terrorist organization with the aid and support of the Democratic People's Republic of Korea (hereinafter "North Korea") and officials, employees and agents of defendant North Korea.

**JURISDICTION**

2.     This Court has subject-matter jurisdiction over plaintiffs' action against defendant Hezbollah pursuant to ATA § 2333 and has personal jurisdiction over Hezbollah pursuant to Fed.R.Civ.P. 4(k)(2).

3.     This Court has subject-matter jurisdiction over plaintiffs' action against defendants North Korea and John Does 1-10, and jurisdiction over the person of those defendants, pursuant to 28 U.S.C. §§ 1330 and 1605A(a), which create subject-matter and personal jurisdiction for civil actions for personal injury or death caused by acts of extrajudicial killing carried out by state-sponsors of terrorism and their officials, employees and agents.

**THE PARTIES**

4.     The plaintiffs are U.S. citizens who were harmed as the result of rocket and missile attacks on northern Israel carried out by defendant Hezbollah between July 12 and August 14, 2006. The details of the attacks and of plaintiffs' harm are set forth below.

5.     Plaintiffs Chaim Kaplan, Rivka Kaplan, Brian Ardstein, Keren Ardstein and Laurie Rappeport bring this action individually and on behalf of their respective minor children (as set forth in the caption and below) plaintiffs M.K., A.L.K., M.K., C.K., E.K., M.A., N.A., N.Y.A., A.C.A. and M.R..

6.     Defendant Hezbollah is a terrorist organization based in Lebanon.

7.     Defendant Democratic People's Republic of Korea ("North Korea"), through its officials, employees and agents, including defendants John Does 1-10, provided defendant Hezbollah with material support and resources, within the meaning of 28 U.S.C. § 1605A(a)(1), that enabled, facilitated and caused the rocket and missile attacks that caused plaintiffs' injuries.

8.     Defendant North Korea is a foreign state within the meaning of 28 U.S.C. § 1603.

9.      Defendant North Korea was designated as a state sponsor of terrorism pursuant to section 6(j) of the Export Administration Act of 1979 (50 U.S.C. § 2405(j)) in 1988 and was so designated within the six month period before this action was filed.

10.     Defendants John Does 1-10 are, and at all times relevant hereto were, officials, employees and agents of North Korea who, within the scope of their office, employment and agency, provided defendant Hezbollah with material support and resources, within the meaning of 28 U.S.C. § 1605A(a)(1), that enabled, facilitated and caused the rocket and missile attacks that caused plaintiffs' injuries.

## **STATEMENT OF FACTS**

### **A.      Hezbollah**

11.     Hezbollah was established in Lebanon circa 1982.

12.     At all times Hezbollah is and was a radical Islamic terrorist organization which views the State of Israel, the United States and other Western countries as its enemies.

13.     At all times Hezbollah sought, as an official and publicly-stated policy and goal of Hezbollah, to destroy the State of Israel and murder or expel its Jewish residents.

14.     At all times Hezbollah sought, as an official and publicly-stated policy and goal of Hezbollah, to ethnically cleanse the territory of the State of Israel of its Jewish population.

15.     Since its founding and until July 12, 2006 (and until the present day), Hezbollah has sought to achieve its goal of destroying the State of Israel and murdering or expelling its Jewish residents through the use of terrorist attacks on Jewish civilians in Israel and elsewhere.

16.     Since its founding and until July 12, 2006 (and until the present day), Hezbollah carried out hundreds of terrorist attacks against Jewish civilians in Israel and elsewhere, which have killed hundreds of innocent civilians and wounded hundreds more.

17.     Since its founding and until July 12, 2006 (and until the present day), Hezbollah has used terrorism against Jewish civilians in Israel and elsewhere in order to coerce, intimidate and influence the Israeli government and public, and thereby ultimately bring about the destruction of the State of Israel and the murder or expulsion of the Jews in Israel.

18.     Since its founding and until July 12, 2006 (and until the present day), Hezbollah has carried out hundreds of terrorist attacks against American targets which have killed hundreds of U.S. citizens and wounded hundreds more.

19.     The terrorist attacks committed by Hezbollah between 1982 and July 12, 2006, included, inter alia, the following:

    a.  The July 19, 1982, kidnapping of American University president David S. Dodge in Beirut.

    b.  The April 18, 1983, car bomb attack on the United States Embassy in Beirut in which 63 people were killed.

    c.  The October 23, 1983, truck bomb attack on the U.S. Marine barracks in Beirut in which 241 American military personnel were killed.

    d.  The September 20, 1984, car bomb attack on the U.S. Embassy annex in Beirut in which two Americans and 22 others were killed.

    e.  The March 16, 1984, kidnapping and murder of William Buckley, a CIA operative working at the U.S. Embassy in Beirut.

    f.  The April 12, 1984, attack on a restaurant near the U.S. Air Force Base in Torrejon, Spain in which eighteen U.S. servicemen were killed and 83 people injured.

g. The December 4, 1984, terrorist hijacking of a Kuwait Airlines plane in which four passengers were murdered, including two Americans.

h. The June 14, 1985, hijacking of TWA Flight 847 in which Robert Stethem, a U.S. Navy diver, was murdered. Other American passengers were held hostage before being released on June 30, 1985.

i. The February 17, 1988, kidnapping and subsequent murder of U.S. Marine Col. William Higgins.

j. The March 17, 1992, bombing of the Israeli Embassy in Buenos Aires that killed 29 people and injured over 200.

k. The July 18, 1994, bombing of the Jewish community center in Buenos Aires that killed 86 people and injured over 200.

l. The November 28, 1995, bombardment of towns in northern Israel with missiles aimed at Jewish civilians.

m. The March 30, 1996, bombardment of northern Israeli towns with 28 missiles. A week later, Hezbollah fired 16 additional missiles, injuring 36 Israelis.

n. The August 19, 1997, bombardment of northern Israel with dozens of missiles aimed at Jewish civilians.

o. The December 28, 1998, bombardment on northern Israel with dozens of missiles aimed at Jewish civilians.

p. The May 17, 1999 bombardment on northern Israel with dozens of missiles aimed at Jewish civilians.

q. The June 24, 1999, bombardment on northern Israel, killing 2 people.

r. The April 9, 2002, launching of missiles into northern Israeli towns.

8

s.   The August 10, 2003, firing of shells that killed a 16-year-old Israeli boy and wound other Israelis.

20.   The courts of the United States have published numerous decisions finding that Hezbollah was responsible for carrying out terrorist attacks.

21.   Hezbollah has been designated by the United States Government as a Specially Designated Terrorist ("SDT") continuously since 1995, as a Foreign Terrorist Organization ("FTO") continuously since 1997, and as a Specially Designated Global Terrorist ("SDGT") continuously since 2001.

**B.      North Korea's Provision of Material Support and Resources to Hezbollah**

22.   Defendant North Korea is a one-party totalitarian state modeled as a Stalinist dictatorship. North Korea's supreme leader Kim Jong-il rules over his citizens with an iron fist, limits all political and economic freedoms and tolerates no dissent. Every aspect of social, political, and economic life is tightly controlled by the state. Human rights organizations have identified North Korea as one of the most repressive regimes in the world, with a brutal record of human rights violations.

23.   For many years prior to July 12, 2006, defendant North Korea was hostile to the United States and as a matter of policy worked actively and consistently to undermine the political, economic and strategic power and influence of the United States.

24.   For many years prior to July 12, 2006, defendant North Korea worked, as a matter of policy, to undermine the political, economic and strategic power and influence of the United States by seeking to harm and weaken allies of the United States around the world, including the State of the Israel.

25.     For many years prior to July 12, 2006, defendant North Korea sought, as a matter of policy, to harm and weaken the State of the Israel – and thereby to undermine the political, economic and strategic power and influence of the United States – by providing material support and resources to anti-Israeli and anti-American terrorist organizations, including Hezbollah.

26.     During the period relevant hereto, including the several year period immediately prior to July 12, 2006, defendant North Korea provided defendant Hezbollah with a wide variety of material support and resources, within the meaning of 28 U.S.C. § 1605A(a)(1), including the following:

    a.  North Korea provided Hezbollah leaders and operatives with professional military, weapons and intelligence training which was intended by North Korea and Hezbollah to and did in fact improve Hezbollah's ability to carry out terrorist attacks, including rocket and missile attacks, against Israeli civilian targets. This training was provided by North Korea both in North Korea and in Lebanon.

    b.  North Korea built and helped Hezbollah build a massive network of underground military installations, tunnels, bunkers, depots and storage facilities in southern Lebanon, which were intended by North Korea and Hezbollah to and did in fact significantly increase Hezbollah's ability to carry out terrorist attacks, including rocket attacks and missile, against Israeli civilian targets.

    c.  Working in concert with the Islamic Republic of Iran ("Iran"), North Korea provided rocket and missile components to Hezbollah. North Korea sent these rocket and missile components to Iran where, pursuant to a prior agreement between Iran, North Korea and Hezbollah, they were assembled and shipped to Hezbollah in Lebanon. These rocket and missile components were intended by

North Korea and Hezbollah to be used and were in fact used by Hezbollah to carry out rocket and missile attacks against Israeli civilian targets.

27.     North Korea provided Hezbollah with the material support and resources described in the preceding paragraph continuously, routinely and in furtherance and as implementation of a specific policy and practice established and maintained by North Korea, in order to assist Hezbollah achieve goals shared by North Korea. These goals included to harm and weaken the State of the Israel. North Korea's provision of material support and resources to Hezbollah described in the preceding paragraph was carried out by officials, employees and agents of North Korea, including without limitation defendants John Does 1-10, acting within the scope of their office, employment and agency and pursuant to the official directives, instructions and policies of defendant North Korea.

28.     Defendant North Korea authorized, ratified and approved the acts of defendants defendants John Does 1-10, and defendant North Korea is therefore vicariously liable for the acts of defendants John Does 1-10.

## C.     The Hezbollah Rocket Barrage

29.     Between July 12, 2006 and August 14, 2006, Hezbollah fired thousands of rockets and missiles (hereinafter "rocket" or "rockets") at civilians in northern Israel (collectively hereinafter: "Hezbollah Rocket Barrage").

30.     The plaintiffs were harmed by the Hezbollah Rocket Barrage, as detailed below.

31.     On July 13, 2006, plaintiff Chaim Kaplan was severely injured by two rockets fired by Hezbollah at the northern Israeli town of Safed. The first rocket landed next to Chaim's car and severly injured him. The second rocket struck the Kaplan family's home, and also injured Chaim's wife, plaintiff Rivka Kaplan, as well as the couple's minor children plaintiffs

M.K., A.L.K., M.K., C.K. and E.K.. As a result of these rocket attacks plaintiffs Chaim Kaplan, Rivka Kaplan, M.K., A.L.K., M.K., C.K. and E.K. suffered severe physical, psychological, emotional and financial injuries.

32.     Plaintiffs Avishai Reuvane and Elisheva Aron were injured on July 13, 2006, by a rocket fired by Hezbollah at Safed. As a result of this rocket attack Avishai Reuvane and Elisheva Aron suffered severe physical, psychological, emotional and financial injuries.

33.     Plaintiff Chayim Kumer, a resident of Safed, suffered a nervous breakdown and was hospitalized as a result of the Hezbollah Rocket Barrage, which in turn caused severe harm to his wife, Plaintiff Nechama Kumer. As a result of the Hezbollah Rocket Barrage plaintiffs Chayim Kumer and Nechama Kumer suffered severe psychological, emotional and financial injuries.

34.     On July 13, 2006, at approximately 14:30, plaintiff Michael Fuchs was driving his car in Safed when a rocket filed by Hezbollah at Safed struck nearby. Massive amounts of shrapnel penetrated Fuchs' car and caused him severe injuries. Fuchs lost large quantities of blood, lost consciousness and was rushed to the intensive care unit of Rebecca Ziv Hospital. Fuchs' throat was slashed as a result of the explosion and his right hand remains completely paralyzed. Fuchs has been permanently disabled. He is unable to work and relies on intensive and expensive medical treatments on an on-going basis. As a result of this rocket attack Michael Fuchs suffered severe physical, psychological, emotional and financial injuries.

35.     Plaintiffs Karen and Brian Ardstein resided in Safed at the time of the Hezbollah Rocket Barrage. Numerous rockets filed by Hezbollah at Safed landed near the family's home. Karen was pregnant at the time the attacks began and due to the ongoing strain, stress and anxiety, and the rocket explosions near the Ardstein home she suffered a miscarriage and lost the

baby. In the wake of the miscarriage, Karen suffered from post-partum depression, damage to her immune system and has developed other medical complications. Brian was greatly traumatized by the rocket attacks and the loss of the baby. In addition, as a result of the rocket attacks and the collapse of tourism in Israel, Brian, a licensed tour guide, lost all of his work and had extreme difficulties supporting his family. The Ardsteins' minor children, plaintiffs M.A., N.A., A.C.A. and N.Y.A. all suffered emotional and psychological trauma from the Hezbollah Rocket Barrage. All of the children have been diagnosed with permanent and severe emotional disorders and are receiving on-going psychiatric treatment and therapy. As a result of the Hezbollah Rocket Barrage, plaintiffs Brian Ardstein, Keren Ardstein, M.A., N.A., A.C.A. and N.Y.A. suffered severe physical, psychological, emotional and financial injuries.

36.     On July 13, 2006, at approximately 7:00 p.m. a rocket fired by Hezbollah at Safed landed outside the home of plaintiffs Laurie Rappeport and her minor daughter M.R. in Safed. The powerful explosion blew M.R., who was playing outside on a wall, into the air. M.R. was hospitalized as a result of the explosion and suffered severe psychological trauma. Laurie was emotionally distraught over the injury sustained by her young daughter. As a result of this rocket attack plaintiffs Laurie Rappeport and M.R. suffered severe physical, psychological, and emotional injuries.

37.     On July 19, 2006, the art gallery owned by plaintiffs Yair and Orna Mor in Safed was directly hit by a rocket fired by Hezbollah at Safed. The business was completely destroyed in the blast. The couple was extremely traumatized by the destruction of their family's business. As a result of this rocket attack plaintiffs Yair and Orna Mor suffered severe psychological, emotional and financial injuries.

38.     In the summer of 2006, plaintiffs Theodore (Ted) Greenberg and Maurine Greenberg were the proprietors of a tourism business in Safed. The Hezbollah Rocket Barrage caused a complete halt in tourism in northern Israel for several months during the peak tourism season, which in turn caused the Greenbergs severe financial damage. As a result of the Hezbollah Rocket Barrage, plaintiffs Theodore (Ted) Greenberg and Maurine Greenberg suffered severe financial damages.

39.     In the summer of 2006, plaintiffs Jacob Katzmacher and Deborah Chana Katzmacher were the proprietors of an art gallery in Safed (a business that caters almost exclusively to tourists). The Hezbollah Rocket Barrage caused a complete halt in tourism in northern Israel for several months during the peak tourism season, which in turn caused the Katzmachers severe financial damage. As a result of the Hezbollah Rocket Barrage, plaintiffs Jacob Katzmacher and Deborah Chana Katzmacher suffered severe financial damages.

40.     On July 13, 2008, a rocket fired by Hezbollah at Safed landed a few meters away from plaintiff Chaya Katzmacher causing her psychological and emotional damage. As a result of this rocket attack, Chaya Katzmacher suffered severe psychological and emotional damage.

41.     On August 11, 2006, at approximately 1:15 p.m., a rocket fired by Hezbollah at Safed landed directly on plaintiff Mikimi Steinberg's house in Safed, severely damaging the house and the possessions therein. As a result of this rocket attack, Mikimi Steinberg suffered severe financial damages.

42.     In the summer of 2006, plaintiffs Jared Sauter and Danielle Sauter were the owners of a tourism business in the town of Rosh Pina in the Galilee. The Hezbollah Rocket Barrage caused a complete halt in tourism in northern Israel for several months during the peak tourism season, which in turn caused the Sauters severe financial damage. The Sauters' business

collapsed and they was forced to relocate to a different city. As a result of the Hezbollah Rocket Barrage, Jared Sauter and Danielle Sauter suffered severe financial damages.

43.     In the summer of 2006 plaintiff Myra Mandel was the owner of an art gallery in Safed. Rockets launched by Hezbollah damaged her art gallery. Additionally, the Hezbollah Rocket Barrage caused a complete halt in tourism in northern Israel for several months during the peak tourism season, which in turn caused Mandel severe financial damage. As a result of the Hezbollah Rocket Barrage, Myra Mandel suffered severe financial damages.

**D.     Plaintiffs' Injuries Are the Result of Defendants' Conduct**

44.     Defendant Hezbollah carried out the Hezbollah Rocket Barrage, thereby causing the injuries and harm suffered by the plaintiffs herein.

45.     Defendants North Korea and John Does 1-10 acted in concert with Hezbollah, in pursuit of their common goal of harming and weakening the State of Israel, to carry out the Hezbollah Rocket Barrage, and the Hezbollah Rocket Barrage were carried out by Hezbollah further to the agreement of all the defendants to achieve this common goal.

46.     Defendant Hezbollah carried out the Hezbollah Rocket Barrage utilizing the material support and resources provided by defendants North Korea and John Does 1-10 that are described above.

47.     The military and intelligence training provided to Hezbollah by defendants North Korea and John Does 1-10 substantially increased and facilitated Hezbollah's ability to plan, to prepare for and to carry out the Hezbollah Rocket Barrage.

48.     The underground facilities built for Hezbollah by defendants North Korea and John Does 1-10 substantially increased and facilitated Hezbollah's ability to carry out the Hezbollah Rocket Barrage, because those facilities enabled Hezbollah to store, conceal and

protect its rockets and missiles from Israeli efforts to locate and destroy them, and enabled Hezbollah operatives to fire rockets and missiles at Israeli civilian targets without interdiction or interference from Israeli military forces.

49.    The rocket and missile components provided to Hezbollah by defendants North Korea and John Does 1-10 were used by Hezbollah to carry out the Hezbollah Rocket Barrage.

50.    The Hezbollah Rocket Barrage were thereby enabled, facilitated and proximately caused by the conduct of defendants North Korea and John Does 1-10 described herein.

51.    Plaintiffs' injuries and harm are therefore the direct and proximate result of defendants' conduct.

**FIRST CLAIM FOR RELIEF
AGAINST HEZBOLLAH
ON BEHALF OF ALL PLAINTIFFS
ACTION FOR INTERNATIONAL TERRORISM PURSUANT TO 18 U.S.C. § 2333(a)**

52.    The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

53.    The actions of defendant Hezbollah constituted "acts of international terrorism" as defined in 18 U.S.C. § 2331.

54.    As required by § 2331, the actions of defendant Hezbollah constituted a violation of the criminal laws of the United States including, without limitation, the criminal provisions of 18 U.S.C. §§2332(c)(2) and 2332f.

55.    As required by § 2331, Hezbollah's actions were dangerous to human life by their nature and as evidenced by their consequences. At least 43 Israeli civilians were murdered by the Hezbollah Rocket Barrage.

56.     As required by § 2331, Hezbollah's actions transcended national boundaries in terms of the means by which they were accomplished, the persons they appeared intended to intimidate or coerce, and the locales in which Hezbollah operates.

57.     As required by § 2331(1)(B) Hezbollah's actions were "intended ... to intimidate or coerce a civilian population [or] to influence the policy of a government by intimidation or coercion," in that the Hezbollah Rocket Barrage was intend to coerce, intimidate and influence the Israeli government and public.

58.     The actions of defendant Hezbollah described herein therefore constitute "acts of international terrorism" as defined in 18 U.S.C. §§ 2331 and 2333.

59.     As a direct and proximate result of Hezbollah's conduct the plaintiffs suffered the injuries and harm described herein.

60.     Defendant Hezbollah is therefore liable for all of plaintiffs' damages in such sums as may hereinafter be determined, to be trebled pursuant to 18 U.S.C. § 2333(a).

**SECOND CLAIM FOR RELIEF**
**AGAINST NORTH KOREA AND JOHN DOES 1-10**
**ON BEHALF OF PLAINTIFFS CHAIM KAPLAN, RIVKA KAPLAN, M.K., A.L.K.,**
**M.K., C.K., E.K., MICHAEL FUCHS, AVISHAI REUVANE, ELISHEVA ARON,**
**CHAYIM KUMER, NECHAMA KUMER, KEREN ARDSTEIN, BRIAN ARDSTEIN,**
**M.A., N.A., A.C.A., N.Y.A., LAURIE RAPPEPORT, M.R., YAIR MOR**
**AND CHAYA KATZMACHER**
**ACTION FOR DAMAGES UNDER 28 U.S.C. §1605A(c)**

61.     The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

62.     Defendant North Korea was designated as a state sponsor of terrorism pursuant to section 6(j) of the Export Administration Act of 1979 (50 U.S.C. § 2405(j)) in 1988 and was still so designated within the six month period before this action was filed as specified by §1605A(a)(2)(A)(i)(I).

63.     Defendant North Korea provided material support and resources to Hezbollah, within the meaning of 28 U.S.C. § 1605A, which caused and facilitated the Hezbollah Rocket Barrage.

64.     Defendants John Does 1-10 are officials, employees, and/or agents of North Korea who, within the scope of their office, employment and/or or agency, provided Hezbollah with the material support and resources that caused and facilitated the Hezbollah Rocket Barrage.

65.     The Hezbollah Rocket Barrage killed over 43 Israeli civilians and constituted an "extrajudicial killing" within the meaning of 28 U.S.C. § 1605A.

66.     Plaintiffs Chaim Kaplan, Rivka Kaplan, M.K., A.L.K., M.K., C.K., E.K., Michael Fuchs, Avishai Reuvane, Elisheva Aron, Chayim Kumer, Nechama Kumer, Keren Ardstein, Brian Ardstein, M.A., N.A., A.C.A., N.Y.A., Laurie Rappeport, M.R., Yair Mor and Chaya Katzmacher severe physical, psychological, emotional and other personal injuries as a result of the Hezbollah Rocket Barrage, including: disfigurement; loss of physical and mental functions; extreme pain and suffering; loss of guidance, companionship and society; loss of consortium; severe emotional distress and mental anguish and loss of solatium.

67.     As a direct and proximate result of the conduct of defendants North Korea and John Does 1-10 the plaintiffs suffered the injuries and harm described herein

68.     Defendants North Korea and John Does 1-10 are therefore jointly and severally liable under 28 U.S.C. § 1605A(c) for the full amount of the aforementioned plaintiffs' damages.

69.     The conduct of defendants North Korea and John Does 1-10 was criminal in nature, outrageous, extreme, wanton, willful, malicious, and constitutes a threat to the public warranting an award of punitive damages under 28 U.S.C. § 1605A(c).

**THIRD CLAIM FOR RELIEF**
**AGAINST NORTH KOREA AND JOHN DOES 1-10**
**ON BEHALF OF ALL PLAINTIFFS**
**ACTION FOR DAMAGES UNDER 28 U.S.C. §1605A(d)**

70.     The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

71.     The conduct of defendants North Korea and John Does 1-10 caused all the plaintiffs loss of property and financial loss as set forth above.

72.     Defendants North Korea and John Does 1-10 are therefore jointly and severally liable under 28 U.S.C. § 1605A(d) for the full amount of plaintiffs' financial damages.

**FOURTH CLAIM FOR RELIEF**
**AGAINST ALL DEFENDANTS**
**ON BEHALF OF ON BEHALF OF PLAINTIFFS CHAIM KAPLAN, RIVKA KAPLAN,**
**M.K., A.L.K., M.K., C.K., E.K., MICHAEL FUCHS, AVISHAI REUVANE, ELISHEVA**
**ARON, CHAYIM KUMER, NECHAMA KUMER, KEREN ARDSTEIN, BRIAN**
**ARDSTEIN, M.A., N.A., A.C.A., N.Y.A., LAURIE RAPPEPORT, M.R., YAIR MOR**
**AND CHAYA KATZMACHER**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**PURSUANT TO APPLICABLE LAW**

73.     The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

74.     Defendants' engaged in extreme and outrageous conduct with the intent to cause, or with reckless disregard of the probability of causing, emotional distress.

75.     Defendants' conduct was willful, outrageous, egregious, and dangerous to human life, and violates applicable criminal law, including all international standards of civilized human conduct and common decency.

76.     The Hezbollah Rocket Barrage terrorized plaintiffs Chaim Kaplan, Rivka Kaplan, M.K., A.L.K., M.K., C.K., E.K., Michael Fuchs, Avishai Reuvane, Elisheva Aron, Chayim Kumer, Nechama Kumer, Keren Ardstein, Brian Ardstein, M.A., N.A., A.C.A., N.Y.A., Laurie

19

Rappeport, M.R., Yair Mor and Chaya Katzmacher and was the actual and proximate cause of these plaintiffs' severe emotional distress.

77.     Defendants North Korea and John Does 1-10 conspired with Hezbollah to carry out the Hezbollah Rocket Barrage and aided and abetted the Hezbollah Rocket Barrage.

78.     Defendants' conduct was criminal in nature, outrageous, extreme, wanton, willful, malicious, and constitutes a threat to the public warranting an award of punitive damages.

**FIFTH CLAIM FOR RELIEF**
**AGAINST ALL DEFENDANTS**
**ON BEHALF OF ON BEHALF OF PLAINTIFFS CHAIM KAPLAN, RIVKA KAPLAN,**
**M.K., A.L.K., M.K., C.K., E.K., MICHAEL FUCHS, AVISHAI REUVANE, ELISHEVA**
**ARON, CHAYIM KUMER, NECHAMA KUMER, KEREN ARDSTEIN, BRIAN**
**ARDSTEIN, M.A., N.A., A.C.A., N.Y.A., LAURIE RAPPEPORT, M.R., YAIR MOR**
**AND CHAYA KATZMACHER**
**ASSAULT PURSUANT TO APPLICABLE LAW**

79.     The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

80.     The Hezbollah Rocket Barrage placed plaintiffs plaintiffs Chaim Kaplan, Rivka Kaplan, M.K., A.L.K., M.K., C.K., E.K., Michael Fuchs, Avishai Reuvane, Elisheva Aron, Chayim Kumer, Nechama Kumer, Keren Ardstein, Brian Ardstein, M.A., N.A., A.C.A., N.Y.A., Laurie Rappeport, M.R., Yair Mor and Chaya Katzmacher in fear and apprehension of offensive and harmful contact, including the fear and apprehension of serious bodily injury or death.

81.     Defendants North Korea and John Does 1-10 conspired with Hezbollah to carry out the Hezbollah Rocket Barrage and aided and abetted the Hezbollah Rocket Barrage.

82.     Defendants' conduct was criminal in nature, outrageous, extreme, wanton, willful, malicious, and constitutes a threat to the public warranting an award of punitive damages.

### FIFTH CLAIM FOR RELIEF
### AGAINST ALL DEFENDANTS
### ON BEHALF OF PLAINTIFFS CHAIM KAPLAN, RIVKA KAPLAN, M.K., A.L.K., M.K., C.K., E.K., MICHAEL FUCHS, AVISHAI REUVANE, ELISHEVA ARON, KEREN ARDSTEIN, BRIAN ARDSTEIN, LAURIE RAPPEPORT, M.R. AND CHAYA KATZMACHER
### BATTERY PURSUANT TO APPLICABLE LAW

83.     The allegations set forth in the preceding paragraphs are incorporated by reference as though fully set forth herein.

84.     Plaintiffs Chaim Kaplan, Rivka Kaplan, M.K., A.L.K., M.K., C.K., E.K., Michael Fuchs, Avishai Reuvane, Elisheva Aron, Keren Ardstein, Brian Ardstein, Laurie Rappeport, M.R. and Chaya Katzmacher were physically harmed by the Hezbollah Rockets Barrage.

85.     Defendants North Korea and John Does 1-10 conspired with Hezbollah to carry out the Hezbollah Rocket Barrage and aided and abetted the Hezbollah Rocket Barrage.

86.     Defendants' conduct was criminal in nature, outrageous, extreme, wanton, willful, malicious, and constitutes a threat to the public warranting an award of punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiffs pray that this Court:

(a)     Enter judgment against the defendants, jointly and severally, in favor of the plaintiffs, for compensatory damages in an amount to be determined at trial, but for no less than $100 million;

(b)     Enter judgment against the defendants, jointly and severally, in favor of the plaintiffs for punitive damages and/or treble damages in amounts to be determined at trial;

(c)     Enter judgment against defendants in favor of the plaintiffs for any and all costs sustained in connection with the prosecution of this action, including attorneys' fees; and

(d)     Grant such other and further relief as justice requires.

Dated: November 23, 2009
      Brooklyn, New York

Respectfully submitted,

THE BERKMAN LAW OFFICE, LLC
*Counsel for Plaintiffs*


By:    /S/ Robert J. Tolchin
       Robert J. Tolchin
       (D.C. Bar #NY0088)

       111 Livingston Street, Suite 1928
       Brooklyn, New York 11201
       (718) 855-3627
       Fax: (718) 504-4943

TARNOR, PLLC              NITSANA DARSHAN-LEITNER & CO.
Nathaniel A. Tarnor           Nitsana Darshan-Leitner
D.C. Bar No. 985457           (Israeli co-counsel)
1200 G Street, NW, Suite 800    10 Hata'as Street
Washington, DC 20005         Ramat Gan, 52512 Israel
Tel: (202) 684-8172