**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
CHAIM KAPLAN, et al.,          )
                               )
        Plaintiffs,            )
                               )
    v.                         )   Civil Action No. 09-646 (RWR)
                               )
HEZBOLLAH, et al.,             )
                               )
        Defendants.            )
_____)
```

## MEMORANDUM ORDER

Plaintiffs attempted to serve defendant Hezbollah by sending a summons and the complaint by DHL to Mohammed Fneish, a minister in the Lebanese government and an alleged leader within Hezbollah. Fneish received the package on March 18, 2010. On April 12, 2010, plaintiffs filed an affidavit of default as to Hezbollah, but the Clerk's Office refused to enter default on the grounds that under 28 U.S.C § 1608 Hezbollah had sixty days to answer or otherwise respond to the complaint, and that those sixty days had not yet elapsed. On April 15, 2010, plaintiffs filed an ex parte motion to direct the Clerk to enter default as to defendant Hezbollah, arguing that 28 U.S.C. § 1608 does not govern Hezbollah's time to answer, that Hezbollah had been served under Federal Rules of Civil Procedure 4(f)(2)(C)(ii) and 4(h)(2), and that the 21-day period to answer under Rule 12(a)(1)(A)(i) had expired. Plaintiffs were ordered to

supplement their motion to explain the basis for asserting that Fneish is an official of Hezbollah and a proper person upon whom service may be made on behalf of Hezbollah. On May 17, 2010, plaintiffs filed a supplemental memorandum and motion stating that they could not base service of Hezbollah on Rule 4(f)(2)(C)(ii), which does not allow foreign service by mail if it is prohibited by the foreign country's law, because they could not state with certainty that service by DHL did not violate Lebanese law. Because plaintiffs concede that defendant Hezbollah has not yet been served under Rule 4(f)(2)(C)(ii), their motion to direct the Clerk to enter the default of defendant Hezbollah will be denied.

Plaintiffs instead moved for leave nunc pro tunc to serve Hezbollah by serving Fneish by DHL under Rule 4(f)(3). Rule 4(f)(3) provides for international service "by other means not prohibited by international agreement, as the court orders." "The rule was 'adopted in order to provide flexibility and discretion to the federal courts in dealing with questions of alternative methods of service of process in foreign countries[.]'" Smith v. Islamic Emirate of Afg., Nos. 01 CIV 10132 (HB), 01 CIV 10144 (HB), 2001 WL 1658211, at *2 (S.D.N.Y. Dec. 26, 2001) (quoting In re Int'l Telemedia Assoc., Inc., 245 B.R. 713, 719 (Bankr. N.D. Ga. 2000)). Several courts have approved of service by publication upon al Qaeda under Rule

4(f)(3).  See Mwani v. bin Laden, 417 F.3d 1, 8 (D.C. Cir. 2005) (approving service of Osama bin Laden and al Qaeda by publication under Rule 4(f)(3)); Smith, 2001 WL 1658211, at *3-4 (allowing service of bin Laden and al Qaeda by publication for six weeks in four Afghani newspapers, one Pakistani newspaper, and five broadcast networks).  Other service methods, such as service by email, have also been approved under Rule 4(f)(3) in this district.  See, e.g., Juniper Networks, Inc. v. Bhattab, Civil Action No. 07-1771 (PLF), 2008 WL 250584, at *1-2 (D.D.C. Jan. 30, 2008).

Plaintiffs argue that serving Fneish by DHL is "infinitely more certain to ensure that the defendant actually receives notice of the action" than service by publication would be.  (Pl.'s Mot. for an Order Pursuant to Fed. R. Civ. P. 4(f)(3) and Related Relief at 5.)  Plaintiffs have submitted with their motion an affidavit of Yoram Schweitzer, the Director of Terrorism and Low Intensity Warfare Project at Tel Aviv University's Institute for National Security Studies, in which he opines that "it is simply inconceivable that Fneish would not convey to the other leaders of Hezbollah an American court summons addressed to Hezbollah and a civil complaint against Hezbollah received by him."  (Id., Decl. of Yoram Schweitzer ¶ 22.)

Courts are divided as to whether service may be authorized retroactively under Rule 4(f)(3). Compare Export-Import Bank of U.S. v. Asia Pulp & Paper Co., Ltd., No. 03Civ.8554 (LTS) (JCF), 2005 WL 1123755, at *4-5 (S.D.N.Y. May 11, 2005) (allowing service under Rule 4(f)(3) nunc pro tunc) with Brockmeyer v. May, 383 F.3d 798, 805-06 (9th Cir. 2004) (refusing to allow service under Rule 4(f)(3) on the ground that the rule requires plaintiffs to obtain prior court approval for the alternative method of service). Marks v. Alfa Group, 615 F. Supp. 2d 375, 380 (E.D. Pa. 2009), authorized service nunc pro tunc by FedEx under Rule 4(f)(3) after the defendant returned a signed receipt acknowledging that it had received the summons. Marks distinguished Brockmeyer on the ground that the plaintiff in Brockmeyer had placed the complaint and summons in ordinary international first class mail and had not received a signed receipt that would have signaled that the defendant had actual notice of the suit. Marks, 615 F. Supp. 2d at 380.

Here, even though DHL's tracking service confirmed that Fneish received the shipment (see Pl.'s Aff. in Supp. of Default), the plaintiffs have not filed on the docket any proof that Fneish is authorized to accept service on behalf of Hezbollah, or any receipt reflecting that Hezbollah as an organization received the summons and complaint and has actual notice of the suit. Nor has an attorney representing Hezbollah

filed a notice of appearance on the docket.  Just as in

Brockmeyer, where there was no evidence that the defendants had

received actual notice of the suit, the plaintiffs here will not

be authorized nunc pro tunc to serve Hezbollah by only serving

Fneish by DHL.  Instead, plaintiffs will be authorized to serve

Hezbollah by including service by publication.  Since Lebanon is

not a party to the Convention on Service Abroad of Judicial and

Extrajudicial Documents in Civil and Commercial Matters, Nov. 15,

1965, 20 U.S.T. 361, T.I.A.S. No. 6638, the Inter-American

Convention on Letters Rogatory, Jan. 30, 1975, 14 I.L.M. 339

(reprinted following 28 U.S.C. § 1781), or Regulation (EC) No.

1393/2007 of October 12, 2003, O.J. (L 331), the combination of

service by DHL on Fneish and service by publication would not

appear to violate any international agreement regarding service

of process and is reasonably calibrated to achieve notice to

Hezbollah.  Accordingly, it is hereby

ORDERED that plaintiffs' ex parte motion [14] to direct the

Clerk to enter the default of defendant Hezbollah be, and hereby

is, DENIED.  It is further

ORDERED that plaintiffs' motion [16] for an Order pursuant

to Fed. R. Civ. P. 4(f)(3) be, and hereby is, GRANTED in part.

Plaintiffs are authorized to complete service upon Hezbollah

within 75 days by publishing full notice of the suit in the three

Lebanese newspapers with the largest national circulation twice

per week in each newspaper on a staggered schedule to cover six days each week for a period of four weeks.  Plaintiffs shall file proof of service upon defendant Hezbollah by publication within 75 days.

    SIGNED this 7th day of June, 2010.

                                        _____/s/_____
                                        RICHARD W. ROBERTS
                                        United States District Judge