UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

-------------------------------------------------------------------X

CHAIM KAPLAN, *et al.*,

                    Plaintiffs,

         -against-

HEZBOLLAH, *et al.*,

                    Defendants.

-------------------------------------------------------------------X

Civil Action No.:
09-646 (RWR)

## RESPONSE TO ORDER TO SHOW CAUSE AND MEMORANDUM IN SUPPORT OF MOTION TO DISCHARGE THE ORDER TO SHOW CAUSE AND STAY THE ACTION AS AGAINST HEZBOLLAH PENDING THIS COURT'S DECISION REGARDING NORTH KOREA'S LIABILITY

       This case involves two defendants: North Korea and Hezbollah.

       Both defendants have defaulted. Normally, default establishes a defendant's liability. That is the case with Hezbollah. However, because North Korea is a foreign state, § 1608 of the Foreign Sovereign Immunities Act ("FSIA") requires plaintiffs to provide evidence of both liability and damages.

       By Minute Order dated July 11, 2011 the Court ordered plaintiffs to submit liability evidence only, regarding North Korea only by September 12, 2011.

       By Minute Order dated August 9, 2011, the Court directed plaintiffs to file their damages evidence regarding Hezbollah by November 9, 2011.

On September 12, 2011 the plaintiffs filed their evidence regarding North Korea's liability. (Dkt. 36).

Unfortunately, the filing of the plaintiffs' evidence regarding defendant <u>North Korea's</u> liability on September 12, 2011 resulted in a clerical misunderstanding in their counsel's office regarding the status of the case against defendant <u>Hezbollah</u>; specifically, the deadline in the case against Hezbollah was mistakenly marked as obviated by the filing of the liability materials in respect to North Korea. Plaintiffs' counsel were alerted to this error only when the Court entered its order to show cause. Plaintiffs and their counsel respectfully apologize to the Court for this misunderstanding.

Given the current status of the case, plaintiffs believe that the most efficacious course would be to stay the matter of damages against Hezbollah pending the Court's decision on North Korea's liability. If the Court grants the pending application for a liability judgment against North Korea, then the case against North Korea would proceed to a damages inquiry. At that point the plaintiffs would then make their damages submission for entry of judgment against North Korea, which could also be applied to Hezbollah. Needless to say, the quantum of plaintiffs' damages does not vary from defendant to defendant. *See Rubin v. Hamas-Islamic Resistance Movement*, 2004 WL 2216489 at *3 (D.D.C. 2004) ("The plaintiffs indicate that any evidence that they would present in the instant case [against Hamas] would be identical to the evidence presented [by them previously against Iran] and that a second hearing 'would be a massive waste of judicial resources, and would needlessly force the

plaintiffs to relive and reiterate the emotionally excruciating testimony previously given by them.' Pls.' Mot. at 11. The court agrees. Accordingly, the court uses its previous findings of fact [regarding plaintiffs' damages against Iran] to calculate appropriate damages [against Hamas].").

Moreover, if plaintiffs' case against North Korea proceeds to damages, pursuant to 28 U.S.C. § 1605A(e) they will be entitled to appointment of a special master to hear their damages claims, whose fees will be paid by funds available under the Victims of Crime Act ("VCA"). This factor is especially important here, because the instant plaintiffs, many of whom were severely injured by the attacks at issue in this case and have been unable to work since then, have been hampered in completing their damages submissions in great part due to the financial costs involved. Thus, allowing plaintiffs to make a single damages submission against North Korea via a special master funded by the VCA fund, which could then be applied against Hezbollah as well (*see Rubin, id*.) would be appropriate given the current status of the case.

Of course, in the event that the Court finds that North Korea is not liable, plaintiffs would then make the damages submission against Hezbollah alone.

**WHEREFORE,** it is respectfully requested that the Court enter an order discharging the Order to Show Cause and staying the action as against Hezbollah pending the Court's decision regarding North Korea's liability.

Dated: Brooklyn, New York
November 28, 2011

                              Respectfully submitted,

                              THE BERKMAN LAW OFFICE, LLC
                              *Attorneys for the Plaintiff*

by:        /s/ Robert J. Tolchin
                              Robert J. Tolchin
                              (DC Bar # NY0088)

                              111 Livingston Street, Suite 1928
                              Brooklyn, New York 11201
                              718-855-3627

                              TARNOR, PLLC
                              Nathaniel A. Tarnor
                              (D.C. Bar No. 985457)
                              1200 G Street, NW, Suite 800
                              Washington, DC 20005
                              Tel: (202) 684-8172

                              NITSANA DARSHAN-LEITNER & CO.
                              (Israeli co-counsel)
                              Nitsana Darshan-Leitner
                              10 Hata'as Street
                              Ramat Gan, 52512 Israel