## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CHAIM KAPLAN,** *et al.* ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Civil No. 09-646 (RCL)** |
| ) | |
| **HEZBOLLAH,** *et al.* ) | |
| ) | |
| **Defendants.** ) | |

## <u>ORDER</u>

This action arises out of rocket attacks by Hezbollah during a 34-day conflict along the border between Israel and Lebanon.  Plaintiffs are American and foreign citizens who allegedly suffered injuries in these attacks.   Defendants are Hezbollah and the Democratic People's Republic of Korea ("North Korea").  The complaint advances the following two categories of claims:

1. Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333(a), claims against Hezbollah, Compl. ¶¶ 34-37 (Count I); and

2. Foreign Sovereign Immunities Act's ("FSIA") state-sponsor of terrorism, 28 U.S.C. 1605A(c), claims against North Korea, Compl. ¶¶ 38-44 (Count II).

The Complaint was filed in 2009.  Service of process was effected on both defendants, Docket Entry, Mar. 18, 2010, ECF No. 17 (North Korea); Docket Entry, Dec. 31, 2010, ECF No. 29 (Hezbollah), and the clerk entered default against them.  Clerk's Entry of Default, May 21, 2010, ECF No. 18 (North Korea); Clerk's Entry of Default, Feb. 9, 2011, ECF No. 30 (Hezbollah).  Judge Roberts appointed several "commissioners" to "administer oaths and take testimony" in the case.  Minute Order, Feb. 9, 2011.

In an April 11, 2011 filing,  plaintiffs stated that "a damages hearing would require between five and seven days" because "[t]here are thirty plaintiffs in this action, most of whom suffered personal injuries" and "[p]laintiffs will also require the testimony of several experts to address the medical, psychological and economic aspects of their damages."  Pls.' Resp. 1, Apr. 11, 2011, ECF No. 32.  Accordingly, plaintiffs stated that they intended "to submit their proof of damages in the form of affidavits and sworn deposition testimony" "(unless the Court direct[ed] otherwise)."  *Id.*  at 2.  Hearing nothing to the contrary from Judge Roberts, they did so, moving for default judgment against both defendants and submitting proposed findings of fact and conclusions of law, attaching numerous affidavits and declarations from victims, physicians, and experts.  Proposed Findings of Fact and Conclusions of Law, Sept. 12, 2011, ECF No. 36 (North Korea); Proposed Findings of Fact and Conclusions of Law, May 15, 2012, ECF No. 48-1 (Hezbollah).

The case was transferred to the undersigned judge on June 17, 2013. ECF No. 49.

In a Memorandum Opinion and Order issued this date in the related case *Kaplan v. Central Bank*, 10-cv-483, ECF Nos. 41 & 42, the Court dismissed several claims raised by all of the plaintiffs in this action against different defendants for the same rocket attacks under some of the same legal frameworks relied on here.  Rather than repeat the reasoning of the *Kaplan v. Central Bank* opinion here in full, the Court incorporates by reference all of the relevant reasoning of that case.  Under that reasoning, the Court will dismiss plaintiffs' ATA claims against Hezbollah.  Plaintiffs' FSIA claims against North Korea survive.

The FSIA provides that "[n]o judgment by default shall be entered by a court of the United States . . . against a foreign state . . . unless the claimant establishes his claim or right to

relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e). This Court has interpreted this provision as generally requiring an evidentiary hearing. *See, e.g.*, *Rimkus v. Islamic Republic of Iran*, 575 F. Supp. 2d 181, 195 (D.D.C. 2008); *Wyatt v. Syrian Arab Republic*, 908 F. Supp. 2d 216 (D.D.C. 2012); *see also* 10A Charles Alan Wright et al., Federal Practice & Procedure § 2688 (3d ed. 2013) (under Rule 55, "when it seems advantageous, a court may conduct a hearing to determine whether to enter a judgment by default"); H.R.Rep. No. 94–1487, at 26 (1976) (stating that § 1608(e) establishes "the same requirement applicable to default judgments against the U.S. Government under rule 55(e), F.R. Civ. P."). However, an evidentiary hearing is not required in cases where the Court may take judicial notice of evidence presented in prior cases arising out of the same incident. *See, e.g.*, *O'Brien v. Islamic Republic of Iran*, 06-CV-690 RCL, 2010 WL 9462571 (D.D.C. July 2, 2010).

As the plaintiffs have pointed to no case arising out of the same facts alleged here, the Court will not depart from its usual practice of requiring an evidentiary hearing. It will not enter a default judgment on the FSIA claims against North Korea without conducting such a hearing.

Section 1605A(a)(1) waives immunity of foreign states for damages actions "for personal injury or death . . . caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources for such an act . . . ." Plaintiffs do not appear to allege any act of torture, aircraft sabotage or hostage taking. The statute defines extrajudicial killings as excluding any killing that "under international law . . . is lawfully carried out under the authority of a foreign nation." § 1605A(h)(7) (incorporating definition of the term from section 3 of the Torture Victim Protection Act of 1991, 28 U.S.C. § 1350 note). The plaintiffs will have to show that the killings at issue here qualify under the statutory definition.

It is hereby

**ORDERED** that plaintiffs' ATA claims against Hezbollah are dismissed for the reasons given in the *Kaplan v. Central Bank* opinion; and it is further

**ORDERED** that a status conference shall be held on Tuesday, September 3 at 9:30 AM in Courtroom 22A before the undersigned judge at which the plaintiffs should be prepared to set a date for an evidentiary hearing.  The plaintiffs should also be prepared to show that the killings at issue here qualify as "extrajudicial" under the statute.

**SO ORDERED.**

Signed by Royce C. Lamberth, U.S. District Judge, August 20, 2013.