UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
------------------------------------------------------------------------ X

CHAIM KAPLAN, *et al.*,

                          Plaintiffs,

        *-against-*

HEZBOLLAH, *et al.,*

                          Defendants.

Civil Action No:
09-cv-646 (RCL)

------------------------------------------------------------------------ X

**PLAINTIFFS' UNOPPOSED MOTION PURSUANT TO FED. R. CIV. P. 60(a) TO CORRECT A MATHEMATICAL ERROR IN PLAINTIFF NECHAMA KUMER'S <u>JUDGMENT AGAINST NORTH KOREA</u>**

    Plaintiffs respectfully move, pursuant to Fed. R. Civ. P. 60(a) and for the reasons set forth in the attached Memorandum, to correct a mathematical error in the judgment entered in this action on September 30, 2016, in favor of plaintiff Nechama Kumer, against defendant Democratic People's Republic of Korea ("North Korea"), and to enter an Amended Judgment **<u>for plaintiff Nechama Kumer only</u>**, reflecting that correction.

    In order to avoid any potential questions regarding the finality of the judgment entered in favor of the other plaintiffs herein, the plaintiffs respectfully request that any Amended Judgment entered in favor of plaintiff Nechama Kumer, **<u>exclude</u>** any reference to the other plaintiffs herein.

    Pursuant to Local Civil Rule 7(m) plaintiffs state that North Korea has defaulted this action, and that this motion is therefore unopposed.

    **WHEREFORE** the instant motion should be granted.

Respectfully submitted,

THE BERKMAN LAW OFFICE, LLC
*Counsel for the Plaintiff*

by: _____

Robert J. Tolchin
(D.C. Bar # NY0088)
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
rtolchin@berkmanlaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
------------------------------------------------------------------------ X

CHAIM KAPLAN, *et al.*,

                Plaintiffs,           Civil Action No:
                                                                    09-cv-646 (RCL)
        -*against*-

HEZBOLLAH, *et al.*,

                Defendants.

------------------------------------------------------------------------ X

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' UNOPPOSED MOTION PURSUANT TO FED. R. CIV. P. 60(a) TO CORRECT A MATHEMATICAL ERROR IN PLAINTIFF NECHAMA KUMER'S JUDGMENT AGAINST NORTH KOREA**

      Plaintiffs respectfully submit this Memorandum in support of their motion pursuant to Fed. R. Civ. P. 60(a) to correct a mathematical error in the judgment entered in this action on September 30, 2016, in favor of plaintiff Nechama Kumer, against defendant Democratic People's Republic of Korea ("North Korea"), and to enter an Amended Judgment **for plaintiff Nechama Kumer only**, reflecting that correction. In support of their motion plaintiffs respectfully state as follows:

      1)      On April 2, 2016, the Special Master appointed by the Court to assess plaintiffs' damages in this action, and in a related action against Iran, *Kaplan et al. v. Central Bank, et al.*, Civ. No. 10-483-RCL, filed a Report recommending that plaintiff Nechama Kumer receive "One Million Five Hundred Thousand Dollars ($1,500,000) in compensatory damages for pain and suffering" and "further recommend[ing] that Nechama Kumer receive One Million Dollars ($1,000,000) in compensatory damages for loss of solatium." DE 72 at 19. (*See also id*. at 15 and 18, detailing the grounds for both the pain and suffering award and the loss of solatium award).

1

2) On September 30, 2016, the Court entered a Memorandum Opinion adopting in whole the Special Master's damages recommendations. DE 83. The Court expressly discussed the recommendations relating to both the pain and suffering award and the solatium award to plaintiff Nechama Kumer, and adopted those recommendations. *Id*. at 6-7 and at 12-13.

3) Thus, pursuant to the Court's Memorandum Opinion adopting the Special Master's recommendations, the total award to plaintiff Nechama Kumer was **$2,500,000.00**.

4) On the same day, September 30, 2016, the Court entered an Order and Judgment directing final judgment in plaintiffs' favor against Iran and North Korea, "[i]n accordance with the Memorandum Opinion issued this date." DE 84. Unfortunately, however, the Order and Judgment erroneously lists the award to plaintiff Nechama Kumer as **$1,500,000.00**, rather than the amount actually awarded by the Court – *i.e.*, **$2,500,000.00**. *Id*. at 2.

5) This calculation error was unnoticed until now. However, Rule 60(a) of the Federal Rules of Civil Procedure permits the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment [or] order." Fed. R. Civ. P. 60(a).

6) Rule 60(a) relief is fully warranted here. "Motions to correct clerical errors fall under Rule 60(a); under that rule, a clerical error may be corrected 'whenever one is found in a judgment'" and thus Rule 60(a) motions "are not subject to time constraints." *Winslow v. F.E.R.C.*, 587 F.3d 1133, 1134-35 (D.C. Cir. 2009). "In evaluating Rule 60(a) motions, trial courts enjoy broad discretion and are to be guided by the principle of 'liberal relief.'" *Bayer Healthcare, LLC v. United States Food & Drug Admin.*, 2013 WL 12314510, at *3 (D.D.C. July 12, 2013) (quoting *United States v. Civil Aeronautics Bd.*, 510 F.2d 769, 773 (D.C. Cir. 1975)). Moreover, "no exceptional circumstances to warrant relief are required" under Rule 60(a). *Bayer*

*Healthcare, id.*

7) Furthermore, the correction of mathematical and calculation errors such as that here falls squarely within the four corners of Rule 60(a). "Clearly, Rule 60(a) allows … courts to perform mechanical adjustments to judgments, such as correcting transcription errors and miscalculations." *Sartin v. McNair Law Firm*, 756 F.3d 259, 265 (4th Cir. 2014); *Rivera v. PNS Stores,* 647 F.3d 188, 194 (5th Cir. 2011) ("Clerical mistakes, inaccuracies of transcription, inadvertent omissions, and errors in mathematical calculation are within Rule 60(a)'s scope.").

8) Granting the relief sought would also vindicate Rule 60(a)'s equitable purpose. Rule 60(a) is "used to make the judgment or record speak the truth" by "making corrections that are consistent with the court's intent at the time it entered the judgment." *Cont'l Transfert Technique Ltd. v. Fed. Gov't of Nigeria*, 850 F. Supp. 2d 277, 283-84 (D.D.C. 2012) (citations and quotation marks omitted). As shown above, it was unquestionably the Court's intent to award plaintiff Nechama Kumer $2.5 million, consistent with the recommendation of the Special Master. Therefore, an Amended Judgment should enter in favor of plaintiff Nechama Kumer against North Korea, for the full amount of the damages the Court intended to award her.

9) It is unnecessary for an Amended Judgment in favor of plaintiff Nechama Kumer to reference the other plaintiffs herein or the awards to those other plaintiffs. Moreover, the plaintiffs are frankly concerned that if the Court were to enter an Amended Judgment referencing the other plaintiffs and their awards, questions regarding the finality and/or enforceability of the judgment entered in favor of the other plaintiffs might potentially arise. Accordingly, plaintiffs respectfully request that the Amended Judgment in favor of plaintiff Nechama Kumer, **exclude** any reference to the other plaintiffs herein.

**WHEREFORE** the instant motion should be granted.

Respectfully submitted,

THE BERKMAN LAW OFFICE, LLC
*Counsel for the Plaintiffs*

by: _____

Robert J. Tolchin
(D.C. Bar # NY0088)
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
(718) 855-3627
rtolchin@berkmanlaw.com

5